UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **James W. Lyon, Jr.,** **Public Administrator of the Estate of Diana Riggs, deceased,** 302 Main Street, PO Box 675 Greenup, KY 41144 | Case No.: 1:22-cv-93 Judge Douglas R. Cole Magistrate Stephanie K. Bowman |
| Plaintiff, | **FIRST AMENDED COMPLAINT WITH JURY DEMAND ENDORSED HEREON** |
| v. | |
| **Olero, Inc.** c/o Oleg Romanyuk, Agent 6643 N. Northwest HWY Suite 200 Chicago, IL 60631 | |
| and | |
| **Alexander C. Lestin** 581 NW 18th Street, Apt. B Fort Lauderdale, Florida 33311 | |
| and | |
| **EMB Group, Inc.** c/o Eugeny Minochkin, Agent 100 Saunders Road Ste 150 Lake Forest, IL 60045 | |
| Defendants. | |

James W. Lyon, Jr. in his capacity as the Public Administrator of the Estate of

Diana Riggs, deceased, files the following complaint.

1

## OVERVIEW

On August 26, 2020, a Defendant Olero Inc. tractor trailer failed to yield at a stop sign at the intersection of Route 557 and Route 522 in Porter Township, Scioto County, Ohio. As a result, Diana Riggs was killed.

## PARTIES

1. Plaintiff James W. Lyon, Jr. is a domiciliary and citizen of the Commonwealth of Kentucky. On or about July 2, 2021, the Commonwealth of Kentucky Greenup District Court Probate Division qualified and appointed James W. Lyon, Jr. as Public Administrator of the Estate of Diana Riggs, Case No. 20-P-297. The Greenup County Probate Division order of appointment of Mr. Lyon as Public Administrator is attached as Exhibit A.

2. Defendant Olero Inc. was, at the time of the accident at issue, a for-hire motor carrier operating the commercial motor vehicle described herein transporting property in interstate commerce. It was registered with the Federal Motor Carrier Safety Administration with a USDOT number of 2264544 and an MC number of 00792128 and it was, at the time of the accident at issue, a business entity organized and existing under the laws of the State of Illinois with its principal place of business in Chicago, Illinois. Defendant Olero Inc. has designated Oleg Romanyuk (its owner), located at 6643 N. Northwest Hwy Ste 200, Chicago, IL 60631, as its agent for the purposes of service of process of this complaint, and pursuant to Title 805 of the Illinois Compiled Statutes Annotated Section 5/5.25,

the Illinois Secretary of State also is its agent for service of process under 49 C.F.R. §366.

3. Defendant Alexander C. Lestin resides at 581 NW 18th Street, Apt. B, Fort Lauderdale, Florida 33311.

4. Defendant EMB Group Inc. was, at the time of the accident at issue, a for-hire motor carrier operating the commercial motor vehicle described herein transporting property in interstate commerce. It was registered with the Federal Motor Carrier Safety Administration with a USDOT number of 2427187 and it was, at the time of the accident at issue, a business entity organized and existing under the laws of the State of Illinois with its principal place of business in Lake Forest, Illinois. Defendant EMB Group Inc. has designated Eugeny Minchkin (its owner), located at 100 Saunders Road Suite 150, Lake Forest, IL 60045 as its agent for the purposes of service of process of this complaint, and pursuant to Title 805 of the Illinois Compiled Statutes Annotated Section 5/5.25, the Illinois Secretary of State may also be its agent for service of process.

## JURISDICTION and VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and because it is a matter between citizens of different states. Defendant Olero Inc. is a citizen of Illinois, Defendant Lestin is a citizen of Florida, and Plaintiff is a citizen of Kentucky.

6. This Court has specific personal jurisdiction over Defendants pursuant to the personal jurisdiction jurisprudence of the United States Supreme Court, and the requirements of Civil Rule 4(k)(1)(A) and Ohio Revised Code Section 2307.382 can be satisfied.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b)(2) as this action arises from a motor vehicle collision occurring in Scioto County, Ohio, which is located in the Western Division of the Southern District of Ohio.

## FIRST CAUSE OF ACTION
*Wrongful Death – Negligence of Alexander C. Lestin*

8. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

9. Plaintiff brings this Cause of Action under Ohio's Wrongful Death Statute, found at R.C. §2125.01.

10. Defendant Alexander C. Lestin was driving Defendant Olero Inc.'s tractor trailer on August 26, 2020 at about 2:45 p.m.

11. Defendant Lestin was driving Defendant Olero Inc.'s tractor trailer westbound on Route 557 in Porter Township in Scioto County, Ohio across the intersection with Route 522 at the time of the accident.

12. Travelers westbound on Route 557 were required to stop at a stop sign at the intersection of Route 522. Travelers southbound on Route 522 were not required to stop at said intersection.

13. Michael P. Riggs was driving southbound on Route 522 approaching the intersection with Route 557 prior to the crash at issue in this litigation. His wife, Diana Riggs, was his front seat passenger.

14. Defendant Lestin failed to yield the right of way to Michael P. Riggs and Diana Riggs as they approached southbound on Route 522.

15. The vehicle driven by Michael P. Riggs and occupied by Diana Riggs collided with Defendant Olero Inc.'s trailer as Defendant Lestin was driving it through the intersection.

16. Diana Riggs was killed as a result of the crash.

17. Diana Riggs is survived by her husband, Michael P. Riggs, and her daughters Jona Horsley, and Amy Adams. She also is survived by her sisters and her brother.

18. Defendant Lestin had a duty to drive his semi-tractor trailer in a safe and reasonable manner, to obey all traffic laws, to not drive while distracted, to identify other vehicles on the road, including the one in which Diana Riggs was riding, and to recognize and yield to traffic.

19. On August 26, 2020, Defendant Lestin failed in the above-mentioned duties and is therefore negligent.

20. Defendant Lestin's negligence was a direct and proximate cause of Diana Riggs' injuries and death.

21. As a direct and proximate result of the negligence of all defendants, Diana Riggs' next of kin and beneficiaries, including Michael Riggs, Jona Horsley, and Amy Adams, have experienced loss of services and her society, including loss of

companionship, consortium, care, love, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education; along with mental pain, grief, anguish, and emotional trauma in the past and will continue to experience the same in the future.

22. Defendant Lestin's attempt to hurry across the intersection rather than wait at the stop sign in the face of approaching traffic which had the right of way demonstrated a conscious disregard for the rights and safety of other persons that had a great probability of causing substantial harm to them, and Defendant Lestin was aware of such great probability and Defendant Lestin was aware of the substantiality of harm that would result. Specifically, even though he was required by law to wait at the stop sign until the vehicle occupied by Diana Riggs safely crossed through the intersection, he consciously disregarded her rights by failing to come to a full and complete and absolute cessation of motion, failing to keep a proper lookout, and then subsequently and extremely recklessly entering the intersection in front of her aware of the great probability of causing substantial injuries or death to the people in her car. Defendant Lestin recklessly failed to yield-the-right-of-way, failed to understand where traffic was located, intentionally and recklessly moved when it was unsafe to do so, and became a hazard to the approaching vehicle occupied by Diana Riggs. Accordingly, Plaintiff demands punitive damages against Defendant Lestin.

6

## SECOND CAUSE OF ACTION
*Vicarious Liability of Defendant Olero Inc.*

23. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

24. At all relevant times, Defendant Alexander C. Lestin was the employee, agent, and servant of Defendant Olero Inc. Accordingly, Defendant Olero Inc. is vicariously liable for the acts of Defendant Lestin described in the causes of action above.

25. Regardless of the employment or agency relationship, Defendant Olero Inc. is an interstate motor carrier and the registered owner of the USDOT number 2264544 displayed on the tractor-trailer involved in this collision and is therefore responsible for the acts of the defendant driver.

## THIRD CAUSE OF ACTION
*Wrongful Death – Negligence of Defendant Olero Inc.*

26. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

27. Defendant Olero Inc. had a duty to act reasonably in hiring, instructing, training, supervising, assigning, dispatching, route-planning, and retaining all drivers operating under its federal motor carrier operating authority and other employees and agents, including Defendant Lestin, and to promulgate and enforce, safety management controls, policies, programs, practices, procedures, and rules to ensure that its drivers and vehicles were reasonably safe. Defendant Olero Inc. had a duty to exercise reasonable care in the management, maintenance, and

7

operation of its tractor trailer. Defendant Olero Inc. had a duty to exercise reasonable care in all of its actions and omissions.

28. Defendant Olero Inc. had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent, and qualified drivers.

29. Defendant Olero Inc. had a duty to exercise reasonable care in establishing and enforcing distracted driving rules and safeguards and to create a corporate culture that encourages safe driving practices.

30. Defendant Olero Inc. had a duty to exercise reasonable care not to overwork its drivers, like Defendant Lestin, to the point of fatigue and/or to the point of violation of the federal motor carrier safety regulations.

31. Defendant Olero Inc. had a duty to exercise reasonable care in its pay-per-mile compensation of Defendant Lestin to create positive incentives for Defendant Lestin not to speed or rush through intersections for the purpose of maximizing miles driven within the daily regulatory limits of the hours of service regulations, not to short Defendant Lestin in pay for all miles driven, and not to create improper incentives to Defendant Lestin to drive fatigued or beyond the limits of the hours of service regulations.

32. Defendant Olero Inc. failed in the above-mentioned duties and was therefore negligent.

33. Defendant Olero Inc.'s negligence was a direct and proximate cause of the injuries and death of Diana Riggs, and the damages described in this Complaint.

34. Defendant Olero Inc.'s act of intentionally or recklessly manipulating its drivers into working while exhausted and fatigued (from being overworked) demonstrated a conscious disregard for the rights and safety of other persons that had a great probability of causing substantial harm to them, and Defendant Olero Inc. was aware of such great probability and Defendant Olero Inc. was aware of the substantiality of harm that would result. Specifically, even though Olero Inc. was required to comply with the Federal Motor Carrier Safety Regulations pertaining to hours of service and fatigue management so that its drivers would be alert and make safe driving decisions, Olero Inc. consciously disregarded the rights of people riding in other cars, like Diana Riggs, by compelling Defendant Lestin and other Olero Inc. drivers to drive while physically exhausted and fatigued and under the pressure of unreasonable deadlines. In doing so, Olero Inc. was aware of the great probability of causing substantial injuries or death to people in other cars as a result of such compulsion of its drivers to drive in circumstances when they were unfit to do so. Accordingly, Plaintiff demands punitive damages against Defendant Olero Inc.

**FOURTH CAUSE OF ACTION**
*Partnership, Joint Venture, Conspiracy, and Direct Claims of Liability Against Defendant EMB Group Inc.*

35. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference. It is this Fourth Cause of Action that has been amended by the filing of this Amended Complaint.

9

36. Defendant Olero Inc. had a business office located at 8770 W. Bryn Mawr, Suite 1300, Chicago, Illinois.

37. Defendant EMB Group Inc. had a business office located at 8770 W. Bryn Mawr, Suite 1300, Chicago, Illinois.

38. Defendant Olero Inc.'s office and Defendant EMB Group Inc.'s office is the same suite in the same office building shared with each other.

39. Defendant Olero Inc. had a truck parking area located at one of the parking lots on Christina Drive (at or not far from 211 Christina Drive), which is a side street off East Main Street, in East Dundee, Illinois.

40. Defendant EMB Group Inc. had a truck parking area located at one of the parking lots on Christina Drive (at or not far from 211 Christina Drive), which is a side street off East Main Street, in East Dundee, Illinois.

41. Defendant Olero Inc.'s truck parking area and EMB Group Inc.'s truck parking area are shared with each other.

42. The human resources director for Olero Inc. was Halyna Kovalchuk.

43. The human resources director for EMB Group Inc. was Halyna Kovalchuk.

44. The safety director for Olero Inc. was Halyna Kovalchuk.

45. The safety director for EMB Group Inc. was Halyna Kovalchuk.

46. The dispatcher for Olero Inc. was Eugeny Minchkin (aka Eugeny Minochkin) or EMB Group Inc. who placed Eugeny Minochkin in that role.

47. The dispatcher for EMB Group Inc. was Eugeny Minchkin (aka Eugeny Minochkin).

48. EMB Group Inc. stored documents related to dispatchers on Olero Inc.'s premises.

49. The director of operations for Olero Inc. was Roman Kulyna.

50. Roman Kulyna worked in the offices of EMB Group Inc. and Olero Inc. It is not known to plaintiffs what he had to do with EMB Group Inc. and Olero Inc. The accountant for Olero Inc., Lilly Toma (aka Lilia Toma), is not sure, except that she saw him in the kitchen at those offices. Lilly Toma, is the owner of another trucking company, Prymor Inc., which was founded in 2018 and which since December of 2020 started operating Olero Inc.'s trucks and has possession of many of them.

51. Olero Inc. used a business called HK, Inc. to provide services related to drivers' hours of service logs.

52. EMB Group Inc. used a business called HK, Inc. to provide services related to drivers' hours of service logs. EMB Group Inc. also used HK, Inc. to provide recruiting, interviewing, and motor carrier safety consulting services. It is unknown to Plaintiffs whether HK, Inc. also provided those services to Olero Inc.

53. Stepan Bruger and Dmytro Bruger both drove trucks for Olero Inc.

54. Stepan Bruger and Dmytro Bruger both drove trucks for EMB Group Inc.

55. Stepan Bruger learned about the job opportunity with Olero Inc. and EMB Group Inc. from "Chas I Podii" Ukrainian-language newspaper. He called the number and was invited for an interview.

56. Stepan Bruger interviewed with Oleg Romanyuk (owner of Olero Inc.).

57. Dmytro Bruger interviewed with Oleg Romanyuk (owner of Olero Inc.) and at the same time he interviewed with Eugeny Minochkin (dispatcher for Olero Inc and Owner of EMB Group Inc.).

58. Olero Inc. and EMB Group Inc. had the same policies and procedures related to reporting of hours and miles driven.

59. Sometimes Olero Inc. performed trucking services for EMB Group Inc.

60. Sometimes EMB Group Inc. performed trucking for Olero Inc.

61. Olero Inc. hired drivers as "independent contractors." Olero Inc. misclassified these drivers as independent instead of dependent. They were controlled like employees.

62. EMB Group, Inc. hired drivers as "independent contractors." EMB Group Inc. misclassified these drivers as independent instead of dependent. They were controlled like employees.

63. Olero Inc. and EMB Group, Inc. both used the same methods and means to short drivers for pay that was owed to them. This involved refusing to pay drivers for all miles driven. This also involved charging various other deductions to the drivers. According to Stepan Bruger and Dmytro Bruger, Olero Inc. and EMB Group Inc. also required them and other drivers to drive beyond the limits of the hours of services regulations and then fabricated the log books to make it look like they did not drive beyond the limits of the hours of services law, and then they refused to pay the drivers for the true hours worked.

64. Drivers for EMB Group Inc. drove for Olero Inc. and drivers for Olero Inc. drove for EMB Group Inc.

65. According to Stepan Bruger and Dmytro Bruger, Olero Inc. and EMB Group Inc. also set all wages, hours, tasks, and compensation programs for the drivers, as well as pricing for deliveries to and from customers.

66. Defendants Olero Inc. and EMB Group Inc. both were involved in the business of interstate trucking at the time of the accident set forth herein.

67. Olero Inc. and EMB Group Inc. were jointly named as defendants in a class action wage and hour misclassification case styled *Stepan Bruger and Dmytro Bruger v. Olero, Inc., EMB Group, Inc. et al.,* Case No. 1:19-cv-02277, Docket #13, in the United States District Court for the Northern District of Illinois. Olero Inc. suffered a default judgment in that case. EMB Group Inc. continues to defend it.

68. Olero Inc. and EMB Group Inc. have done that which neither Illinois or Ohio law or corporate or partnership law generally contemplated: they have entangled their respective businesses through shared offices, yards, resources, workers, equipment, customers, and policies, such that it is impossible to discern where the lines are that separate one from the other. They have comingled their affairs too much—to the detriment of Plaintiffs' decedent.

69. Regardless of whether they are truly separate businesses or not, Olero Inc. and EMB Group Inc. have knowingly and intentionally engaged in concerted action for the lawful purpose of interstate trucking with the unlawful purpose of misclassifying workers and unlawfully deducting pay rightfully earned by them,

engaging in the unlawful means of misclassifying them and compelling them to work in violation of the hours of service regulations contained within the Federal Motor Carrier Safety Regulations.

70. From the foregoing averments, it is plausible to conclude and Plaintiff alleges that Olero Inc. and EMB Group Inc. were engaged in some kind of business partnership or joint venture or some other hybrid business enterprise together to profit from interstate transportation by truck. If the court or jury were to conclude that they were business partners or joint venturers, then EMB Group Inc. is liable pursuant to the common law and/or RC §§ 1776.35 and 1776.36 and pursuant to 805 ILCS 206/305 and 206/306 for the acts of Defendants Olero Inc. and/or Lestin described in the causes of action above.

71. From the foregoing averments, it is plausible to conclude and Plaintiff alleges that Olero Inc. and EMB Group Inc. have engaged in a civil conspiracy in Illinois in violation of the common law of Illinois as set forth in *Adcok v. Brakegate, Ltd.,* 164 Ill. 2d 54 (Ill. 1994), the result of which "is to extend liability in tort beyond the active wrongdoer to those who have merely planned, assisted or encouraged the wrongdoer's acts." *Id.* at 62.

72. Even though EMB Group Inc. claims that it has no record of Defendant Lestin ever using its motor carrier number, the motor carrier number issued by the U.S. Department of Transportation is not conclusive on whose driver he was. From the foregoing averments, it is plausible to conclude and Plaintiff alleges that Defendant Lestin actually was the employee, agent, servant (borrowed or loaned),

14

or independent contractor for Defendant EMB Group Inc., even if he was not aware of it. Accordingly, Defendant EMB Group Inc. is vicariously liable for the acts of Defendant Lestin described in the causes of action above.

73. As the hirer, supervisor and/or dispatcher of Defendant Lestin, and/or also as agent of Olero Inc., EMB Group Inc. is directly liable for its own negligence in said hiring, supervision, and/or dispatch of Lestin to the fullest extent that it has any fault in overworking Defendant Lestin.

74. Defendant EMB Group Inc.'s act of intentionally or recklessly manipulating its drivers into working while exhausted and fatigued from being overworked demonstrated a conscious disregard for the rights and safety of other persons that had a great probability of causing substantial harm to them, and Defendant EMB Group Inc. was aware of such great probability and Defendant EMB Group Inc. was aware of the substantiality of harm that would result. Specifically, even though EMB Group Inc. was required to comply with the Federal Motor Carrier Safety Regulations pertaining to hours of service and fatigue management so that its drivers would be alert and make safe driving decisions, EMB Group Inc. consciously disregarded the rights of people riding in other cars, like Diana Riggs, by compelling Defendant Lestin and other EMB Group Inc. and/or Olero Inc. drivers to drive while physically exhausted and fatigued and under the pressure of unreasonable deadlines. In doing so, EMB Group Inc. was aware of the great probability of causing substantial injuries or death to people in other cars as a result of such compulsion of its drivers to drive in circumstances when they were

unfit to do so. Accordingly, Plaintiff demands punitive damages against Defendant EMB Group Inc.

## FIFTH CAUSE OF ACTION
*Survival Action*

75. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

76. As a direct and proximate result of the negligence of all defendants, Diana Riggs experienced terror and conscious anguish, suffering and pain prior to her death.

77. As a direct and proximate result of defendants' negligence, Diana Riggs' property and personal effects, including clothing and electronic devices, were damaged or destroyed.

78. Defendants' actions demonstrate a conscious disregard for the rights and safety of Diana Riggs and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of the conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiff demands punitive damages against Defendants.

**WHEREFORE**, Plaintiff respectfully requests judgment in his favor and against all Defendants, in an amount that is just and fair and in excess of seventy - five thousand dollars, exclusive of costs and interest, in addition to punitive damages, costs and other relief that this Honorable Court deems just under the circumstances.

Respectfully submitted,

*/s/ Andrew R. Young*
Andrew R. Young (0071543)
D. J. Young, III (0071839)

        Amy Papuga (0098669)
        The Law Firm for Truck Safety LLP
        31387 Lorain Road
        Cleveland, Ohio 44070
        (216) 961-3932
        dj@truckaccidents.com
        andy@truckaccidents.com
        amy@truckaccidents.com

        John C. Camillus (77435)
        Law Office of John C. Camillus LLC
        PO Box 141410
        Columbus, Ohio 43214
        (614) 992-1000
        jcamillus@camilluslaw.com

        Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all triable issues.

        */s/ Andrew R. Young*
        Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2022, a copy of the First Amended Complaint with Jury Demand Endorsed Hereon was served via the Court's electronic filing system to the following:

| | |
|---|---|
| Daniel J. Hurley<br>Plunkett Cooney<br>300 East Broad Street, Suite 590<br>Columbus, Ohio 43215<br>(614) 629-3005<br>Fax: (614) 629-3019<br>dhurley@plunkettcooney.com<br><br>*Attorney for Defendants Olero, Inc.*<br>*and Alexander Lestin* | Daniel C. Gibson<br>Bricker & Eckler LLP<br>100 South Third Street<br>Columbus, Ohio 43215<br>(614) 227-2300<br>Fax: (614) 227-2390<br>dgibson@bricker.com<br><br>*Attorney for Defendant*<br>*EMB Group, Inc.* |

*/s/ Andrew R. Young*
Andrew R. Young (0071543)
D. J. Young, III (0071839)
Amy Papuga (0098669)
The Law Firm for Truck Safety LLP